# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| AirWatch LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Good Technology Corporation and Good Technology Software, Inc., | ) Civil Action No. _____ ) ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AirWatch LLC ("AirWatch") complains and alleges as follows against Defendants Good Technology Corporation and Good Technology Software, Inc. (collectively "Good Technology").

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2. AirWatch has filed this lawsuit to stop Good Technology's unlawful infringement of AirWatch's patented inventions and to obtain damages and other relief.

### THE PARTIES

3. AirWatch is a Delaware corporation having its principal place of business at 1155 Perimeter Center West, Suite 100, Atlanta, GA 30338.

4. Upon information and belief, Good Technology Corporation and Good Technology Software, Inc. are Delaware corporations with their principal

1

place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, CA 94085.  Good Technology is a competitor of AirWatch.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Good Technology because Good Technology has conducted and conducts business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm AirWatch by making or using infringing products and services in this District.

7. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Good Technology transacts business and sells and offers for sale within this District products and services that practice the asserted AirWatch patent.  Assignment to the Atlanta Division is proper because AirWatch has its principal place of business in Atlanta, GA.

## THE PATENT IN SUIT

8. U.S. Patent No. 8,713,646 ("the '646 patent"), entitled "Controlling Access to Resources on a Network," was lawfully issued by the United States Patent and Trademark Office ("PTO") on April 29, 2014.  The '646 patent issued from U.S. Patent Application Serial No. 13/316,073, filed on December 9, 2011.  A copy of the '646 patent is attached as Exhibit A.

9. The '646 patent was assigned to AirWatch, and AirWatch holds the entire right, title, and interest in the '646 patent.

## COUNT ONE
### (Infringement of U.S. Patent No. 8,713,646)

10. AirWatch incorporates and realleges paragraphs 1 through 9 of this Complaint.

11. Upon information and belief, Good Technology has infringed and continues to infringe one or more claims of the '646 patent in violation of 35 U.S.C. § 271.  Good Technology's acts of infringement include direct infringement by making or using products and services having access control capabilities covered by one or more claims of the '646 patent in the United States.  The infringing products and services include, without limitation, Good Dynamics Secure Mobility Platform, Good for Enterprise (GFE) systems, Good Mobile Messaging (GMM), Good Mobile Control (GMC), Good Mobile Manager, and Network Operations Center (NOC).

12. Good Technology committed these acts of infringement without license or authorization.

13. As a result of Good Technology's infringement of the '646 patent, AirWatch has suffered damages and will continue to suffer damages.

14. Good Technology will continue to infringe unless this Court enjoins Good Technology and its agents, servants, employees, representatives, and all others acting in active concert with it from infringing the '646 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AirWatch hereby demands trial by jury on all issues raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, AirWatch prays for relief, as follows:

A. A judgment that Good Technology has infringed and continues to infringe one or more claims of the '646 patent;

B. An injunction barring Good Technology and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of the '646 patent;

C. An award of damages adequate to compensate for Good Technology's infringement of the '646 patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law; and

D. Any other remedy to which AirWatch may be entitled.

Dated: July 18, 2014					Respectfully submitted,


						By: /s/ Susan A. Cahoon
						       SUSAN A. CAHOON

						SUSAN A. CAHOON (GA SBN 102000)
						SCahoon@kilpatricktownsend.com
						JOSHUA H. LEE (GA SBN 489842)
						JLee@kilpatricktownsend.com
						KILPATRICK TOWNSEND
						1100 Peachtree St. NE, Ste. 2800
						Atlanta, GA 30309-4528
						Telephone: 404.815.6325
						Facsimile: 404.541.3145

						**Attorneys for Plaintiff
						AIRWATCH LLC**

Of Counsel:

MICHAEL A. JACOBS
MJacobs@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BITA RAHEBI
BRahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Ste. 6000
Los Angeles, CA 90017-3543
Telephone:  213.892.5200
Facsimile:   213.892.5454

5

dc-759510